UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No._____-CV-\_\_\_\_\_

| | |
|---|---|
| **CHARLES SADLER,** <br><br> Plaintiff, <br><br> v. <br><br> **JESSICA SADLER,** <br><br> Defendant. | **COMPLAINT** <br> **(Jury Trial Requested)** |

NOW COMES Plaintiff, Charles Sadler, complaining of Defendant Jessica Sadler, and does allege and say as follows:

## PARTIES, JURISDICTION, AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it is a civil action arising under the laws of the United States. Specifically, this is an action for violations of the Federal Wiretap Act, 18 U.S.C. § 2510, *et seq.* Incident to its jurisdiction over Plaintiff's federal claims, the Court also has jurisdiction to adjudicate Plaintiff's related state law claims under the North Carolina Electronic Surveillance Act, N.C.G.S. § 15A-286 *et seq.*

2. Plaintiff Charles Sadler ("Plaintiff") is a citizen and resident of Union County, North Carolina.

3. Defendant Jessica Sadler ("Defendant") is a citizen and resident of Union County, North Carolina.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this Court

because Defendant resides or may be found in this judicial district.

## FACTUAL BACKGROUD

5. This case arises out of a child custody dispute pending between the parties in the Union County District Court, File No. 24 CVD 001042 (the "Custody Case").

6. The parties were married on May 18, 2002, became permanently separated on March 6, 2023, and are now divorced.

7. There were four (4) children born to the marriage, one of which has reached the age of majority, to wit: Isabella Grace Sadler, born August 30, 2004; S. H., born October 4, 2008; C.S., born September 15, 2017; and H.S., born September 15, 2017 (hereinafter "minor children").

8. As of the filing hereof, both parties have pending claims for Permanent Child Custody in the Custody Case.

9. On August 16, 2024, Plaintiff, Charles Sadler, filed a Motion for Emergency Custody in the Custody Case.

10. On October 7, 2024, the Court in the Custody Case entered an Order on Plaintiff's Motion for Emergency Custody. Said Order set a custody schedule during the pendency of the Custody Case. Said Order is attached hereto as "Exhibit 1" and incorporated fully herein by this reference.

11. As part of the custody schedule in the Custody Case, the minor children spend every other week with Plaintiff for Plaintiff's parenting time.

12. In December 2024, Defendant started sending C.S. and H.S. to Plaintiff's residence during Plaintiff's parenting time with TickTalk smart

watches.

13. Said watches have a safety feature that allows the parent of the child wearing the TickTalk watch to "call in", resulting in the TickTalk watch answering in "Remote Answer[1]" function, thereby avoiding the wearer of the watch, or anyone nearby the wearer of the watch from being notified that this feature has been activated. The parent can then listen in the vicinity of the watch wearer without anyone in the watch wearer's presence being notified.

14. The safety feature referenced above allows the user to surreptitiously and actively listen in and monitor oral communications in the vicinity of the watch wearer, without the watch wearer's knowledge.

15. In December 2024, Defendant began "calling in" to the TickTalk smart watches using the safety feature referenced above, during Plaintiff's custodial time.

16. Between December 20, 2024 and December 27, 2024, Defendant used the smart watches to monitor over six hundred and fifty (650) minutes or over ten (10) hours of oral communications while the minor children were in Plaintiff's care.

17. Defendant alternated between calling C.S.'s watch and H.S.'s watch during the monitoring period.

---

[1] The Tick Talk website describes the functions as, "Added to our watches for emergency situations, Remote Answer will prompt your TickTalk to call you back within 1 minute with your end muted to be able to hear your TickTalk's surroundings. For privacy and security reasons, only Full Access Users can use the Remote Answer function. To use this function, select the Phone icon in the bottom navigation of your TickTalk App and you will be prompted to input your information. After you have inputted, select the Phone icon again and you will see a Remote Answer icon. Input your phone number as the Listener Number (do not input your child's phone number) and your TickTalk will call you back within 1 minute."

18. In December 2024, while utilizing and abusing the aforementioned safety feature, Defendant called the TickTalk smart watches during Plaintiff's custodial time and actively listened in on communications in Plaintiff's household without anyone's knowledge or consent.

19. While not the only examples of Defendant's monitoring of communications in Plaintiff's household, the most egregious examples are as follows:

    a. On December 22, 2024, Defendant called in to the minor children's TickTalk watches and remained "on the line" monitoring oral communications in Plaintiff's household beginning at 15:18 (EST) for a total of fourteen and a half minutes (872 seconds). The minor children were not on a phone call with Defendant during this period. The TickTalk watches were in the vicinity of Plaintiff, the minor children, and other third parties during this period and did intercept oral communications.

    b. On December 22, 2024, Defendant called in to the minor children's TickTalk watches and remained "on the line" monitoring oral communications in Plaintiff's household beginning at 15:34 (EST) for a total of thirty-nine minutes (2,395 seconds). The minor children were not on a phone call with Defendant during this period. The TickTalk watches were in the vicinity of Plaintiff, the minor children, and other

third parties during this period and did intercept oral communications.

c. On December 23, 2024, Defendant called in to the minor children's TickTalk watches and remained "on the line" monitoring oral communications in Plaintiff's household beginning at 08:29 (EST) for a total of four minutes (266 seconds). The minor children were not on a phone call with Defendant during this period. The TickTalk watches were in the vicinity of Plaintiff, the minor children, and other third parties during this period and did intercept oral communications.

d. On December 23, 2024, Defendant called in to the minor children's TickTalk watches and remained "on the line" monitoring oral communications in Plaintiff's household beginning at 09:38 (EST) for a total of three minutes (235 seconds). The minor children were not on a phone call with Defendant during this period. The TickTalk watches were in the vicinity of Plaintiff, the minor children, and other third parties during this period and did intercept oral communications.

e. On December 23, 2024, Defendant called in to the minor children's TickTalk watches and remained "on the line" monitoring oral communications in Plaintiff's household

beginning at 10:00 (EST) for a total of approximately two minutes (119 seconds). The minor children were not on a phone call with Defendant during this period. The TickTalk watches were in the vicinity of Plaintiff, the minor children, and other third parties during this period and did intercept oral communications.

f. On December 23, 2024, Defendant called in to the minor children's TickTalk watches and remained "on the line" monitoring oral communications in Plaintiff's household beginning at 10:20 (EST) for a total of twenty-five minutes (1,503 seconds). The minor children were not on a phone call with Defendant during this period. The TickTalk watches were in the vicinity of Plaintiff, the minor children, and other third parties during this period and did intercept oral communications.

g. On December 23, 2024, Defendant called in to the minor children's TickTalk watches and remained "on the line" monitoring oral communications in Plaintiff's household beginning at 11:20 (EST) for a total of twenty-four minutes (1,466 seconds). The minor children were not on a phone call with Defendant during this period. The TickTalk watches were in the vicinity of Plaintiff, the minor children, and other third parties during this period and did intercept oral

communications.

h. On December 23, 2024, Defendant called in to the minor children's TickTalk watches and remained "on the line" monitoring oral communications in Plaintiff's household beginning at 12:40 (EST) for a total of twenty-four minutes (1,459 seconds). The minor children were not on a phone call with Defendant during this period. The TickTalk watches were in the vicinity of Plaintiff, the minor children, and other third parties during this period and did intercept oral communications.

i. On December 23, 2024, Defendant called in to the minor children's TickTalk watches and remained "on the line" monitoring oral communications in Plaintiff's household beginning at 13:43 (EST) for a total of seven minutes (472 seconds). The minor children were not on a phone call with Defendant during this period. The TickTalk watches were in the vicinity of Plaintiff, the minor children, and other third parties during this period and did intercept oral communications.

j. On December 23, 2024, Defendant called in to the minor children's TickTalk watches and remained "on the line" monitoring oral communications in Plaintiff's household beginning at 13:52 (EST) for a total of one minute (53 seconds).

The minor children were not on a phone call with Defendant during this period. The TickTalk watches were in the vicinity of Plaintiff, the minor children, and other third parties during this period and did intercept oral communications.

k. On December 23, 2024, Defendant called in to the minor children's TickTalk watches and remained "on the line" monitoring oral communications in Plaintiff's household beginning at 13:55 (EST) for a total of eight minutes (498 seconds). The minor children were not on a phone call with Defendant during this period. The TickTalk watches were in the vicinity of Plaintiff, the minor children, and other third parties during this period and did intercept oral communications.

l. On December 23, 2024, Defendant called in to the minor children's TickTalk watches and remained "on the line" monitoring oral communications in Plaintiff's household beginning at 14:10 (EST) for a total of fifty minutes (3,037 seconds). The minor children were not on a phone call with Defendant during this period. The TickTalk watches were in the vicinity of Plaintiff, the minor children, and other third parties during this period and did intercept oral communications.

m. On December 23, 2024, Defendant called in to the minor

children's TickTalk watches and remained "on the line" monitoring oral communications in Plaintiff's household beginning at 15:18 (EST) for a total of five minutes (322 seconds). The minor children were not on a phone call with Defendant during this period. The TickTalk watches were in the vicinity of Plaintiff, the minor children, and other third parties during this period and did intercept oral communications.

n. On December 23, 2024, Defendant called in to the minor children's TickTalk watches and remained "on the line" monitoring oral communications in Plaintiff's household beginning at 17:16 (EST) for a total of one minute (58 seconds). The minor children were not on a phone call with Defendant during this period. The TickTalk watches were in the vicinity of Plaintiff and other third parties during this period and did intercept oral communications.[2]

o. On December 23, 2024, Defendant called in to the minor children's TickTalk watches and remained "on the line" monitoring oral communications in Plaintiff's household beginning at 17:35 (EST) for a total of twenty-three minutes

---

[2] The smart watches also have a GPS feature that allows the monitoring party to know where the watch wearer is located. As such, during the periods where Defendant knew the minor children were at their paternal grandmother's residence, and the watches remained at Plaintiff's residence, Defendant knew or should have known that the monitoring during this period would only be of Plaintiff and other third parties.

(1,411 seconds). The minor children were not on a phone call with Defendant during this period. The TickTalk watches were in the vicinity of Plaintiff and other third parties during this period and did intercept oral communications.

p. On December 24, 2024, Defendant called in to the minor children's TickTalk watches and remained "on the line" monitoring oral communications in Plaintiff's household beginning at 09:10 (EST) for a total of seventy-eight minutes (4,701 seconds). The minor children were not on a phone call with Defendant during this period. The TickTalk watches were in the vicinity of Plaintiff and other third parties during this period and did intercept oral communications.

q. On December 24, 2024, Defendant called in to the minor children's TickTalk watches and remained "on the line" monitoring oral communications in Plaintiff's household beginning at 10:38 (EST) for a total of eighty-four minutes (5,068 seconds). The minor children were not on a phone call with Defendant during this period. The TickTalk watches were in the vicinity of Plaintiff and other third parties during this period and did intercept oral communications.

r. On December 24, 2024, Defendant called in to the minor children's TickTalk watches and remained "on the line" monitoring oral communications in Plaintiff's household

beginning at 12:45 (EST) for a total of three minutes (220 seconds). The minor children were not on a phone call with Defendant during this period. The TickTalk watches were in the vicinity of Plaintiff and other third parties during this period and did intercept oral communications.

s. On December 24, 2024, Defendant called in to the minor children's TickTalk watches and remained "on the line" monitoring oral communications in Plaintiff's household beginning at 12:55 (EST) for a total of forty minutes (2,423 seconds). The minor children were not on a phone call with Defendant during this period. The TickTalk watches were in the vicinity of Plaintiff and other third parties during this period and did intercept oral communications.

t. On December 25, 2024, Defendant called in to the minor children's TickTalk watches and remained "on the line" monitoring oral communications in Plaintiff's household beginning at 14:37 (EST) for a total of seventy minutes (4,219 seconds). The minor children were not on a phone call with Defendant during this period. The TickTalk watches were in the vicinity of Plaintiff, the minor children, and other third parties during this period and did intercept oral communications.

u. On December 25, 2024, Defendant called in to the minor

children's TickTalk watches and remained "on the line" monitoring oral communications in Plaintiff's household beginning at 16:03 (EST) for a total of six minutes (379 seconds). The minor children were not on a phone call with Defendant during this period. The TickTalk watches were in the vicinity of Plaintiff, the minor children, and other third parties during this period and did intercept oral communications.

v. On December 25, 2024, Defendant called in to the minor children's TickTalk watches and remained "on the line" monitoring oral communications in Plaintiff's household beginning at 16:26 (EST) for a total of twenty minutes (1,232 seconds). The minor children were not on a phone call with Defendant during this period. The TickTalk watches were in the vicinity of Plaintiff, the minor children, and other third parties during this period and did intercept oral communications.

w. On December 25, 2024, Defendant called in to the minor children's TickTalk watches and remained "on the line" monitoring oral communications in Plaintiff's household beginning at 16:47 (EST) for a total of ten minutes (630 seconds). The minor children were not on a phone call with Defendant during this period. The TickTalk watches were in

the vicinity of Plaintiff, the minor children, and other third parties during this period and did intercept oral communications.

20. Defendant intercepted numerous oral communications between Plaintiff, the minor children, Isabella, and other third parties for the purpose of invading their privacy and gaining information Defendant hoped to use in future proceedings in the Custody Case. Defendant also texted Isabella on December 25, 2024, referencing Isabella's phone, which was the subject of the conversation that Defendant monitored during this period.

21. Upon information and belief, Defendant's decision to secretly record Plaintiff and the minor children was *not* based on any objective concern for the minor children's welfare.

### CLAIMS

### COUNT I
### (VIOLATION OF THE FEDERAL WIRETAP ACT, 18 U.S.C. §§ 2511 *et seq.*)

22. Plaintiff incorporates the allegations contained in paragraphs 1-19 above as if fully set forth herein.

23. Defendant is a "person" within the meaning of 18 U.S.C. § 2511.

24. Plaintiff's conversations within his household during the periods of active monitoring by Defendant constituted wire, oral, or electronic communications within the meaning of 18 U.S.C. § 2511.

25. Defendant's acts of monitoring Plaintiff constitute intercepting, or

attempting to intercept wire, oral, or electronic communications by using an electronic, mechanical, or other device within the meaning 18 U.S.C. § 2511.

26. Defendant's recording of Plaintiff's oral communications was intentional.

27. Defendant's recordings were made without Plaintiff, the minor children, or other third parties consent.

28. Defendant lacked any objectively reasonable basis to vicariously consent on behalf of the minor children.

29. Defendant's conduct as described herein violates the prohibitions of 18 U.S.C. § 2511(1)(a), (b), (c), and (d).

30. No other statutory or judicially-recognized exception to the prohibitions of 18 U.S.C. § 2511 applies to excuse Defendant's conduct as described herein.

31. Defendant has intentionally disclosed the contents of Plaintiff's protected communications to third parties.

32. Defendant has intentionally used the contents of Plaintiff's protected communications in the Custody Case, upon information and belief.

33. Plaintiff has a private right of action for violations of the Federal Wiretap Act pursuant to 18 U.S.C. § 2520.

34. Plaintiff is entitled to statutory damages equal to the greater of: (a) Plaintiff's actual damages; (b) $10,000.00; or (c) the sum of $100.00 per day of Defendant's violation.

35. Plaintiff is entitled to a permanent injunction as authorized by 18

U.S.C. § 2520(b) to stop Defendant's unlawful wiretapping, and Plaintiff will suffer irreparable harm absent such injunctive relief.

36. Defendant's many violations of 18 U.S.C. § 2511 were wanton, reckless, and/or malicious entitling Plaintiff to punitive damages.

37. Plaintiff is further entitled to recover his reasonable attorney fees and litigation costs from Defendant pursuant to 18 U.S.C. § 2520(b).

## COUNT II

## (VIOLATION OF THE NORTH CAROLINA ELECTRONIC SURVEILLANCE ACT, N.C.G.S. §§ 15A-286 *et seq.*)

38. Plaintiff incorporates the allegations contained in paragraphs 1-35 above as if fully set forth herein.

39. Defendant is a "person" within the meaning of N.C.G.S. § 15A-286 *et seq*.

40. Plaintiff is an "aggrieved person" within the meaning of N.C.G.S. § 15A-286 *et seq*.

41. Plaintiff's oral communications during the alleged periods of monitoring constituted wire, oral, or electronic communications within the meaning of N.C.G.S. § 15A-286 *et seq*.

42. Defendant's acts of recording Plaintiff's oral communications constitute intercepting, or endeavoring to intercept wire, oral, or electronic communications.

43. Upon information and belief, Defendant's use of an app on her cell

phone to make and store the recordings constitutes use of an electronic, mechanical, or other device to intercept wire, oral, or electronic communication within the meaning N.C.G.S. § 15A-286 *et seq*.

44. Defendant's recording of Plaintiff's oral communications was willful.

45. Defendant's recordings were made without Plaintiff's knowledge or consent.

46. Defendant lacked any objectively reasonable basis to vicariously consent on behalf of the minor children to the recording of their communications with Plaintiff. Further, Defendant called in and monitored communications during periods where Defendant knew the minor children were not at Plaintiff's residence. There was a period of time where the minor children were at Plaintiff's mom's residence and the watches remained at Plaintiff's residence. During this period, Defendant called in and monitored Plaintiff's oral communications.

47. Defendant's conduct as described herein violates the prohibitions of N.C.G.S. § 15A-287(a)(1), (2), (3), and (4)

48. No other statutory or judicially-recognized exception to the prohibitions of N.C.G.S. § 15A-287 applies to excuse Defendant's conduct as described herein.

49. Defendant has willfully disclosed the contents of Plaintiff's protected communications to third parties.

50. Defendant has willfully used the contents of Plaintiff's protected

communications in the Custody Case.

51. Plaintiff has a private right of action for violations of the Federal Wiretap Act pursuant to N.C.G.S. § 15A-296.

52. Plaintiff is entitled to statutory damages equal to the greater of: (a) Plaintiff's actual damages; (b) $10,000.00; or (c) the sum of $100.00 per day of Defendant's violation.

53. Plaintiff should not be required to file repeated lawsuits to redress Defendant's ongoing violations of N.C.G.S. § 15A-286 *et seq*.

54. The Court should enter a permanent injunction prohibiting Defendant from future recording of Plaintiff's communications with the minor children, and/or Plaintiff's communications with any other third party, and Plaintiff will suffer irreparable harm absent such injunctive relief.

55. Plaintiff is entitled to punitive damages pursuant to N.C.G.S. § 15A-296(a)(2).

56. Plaintiff is further entitled to recover his reasonable attorney fees and litigation costs from Defendant pursuant to N.C.G.S. § 15A-296(a)(3).

**WHEREFORE**, Plaintiff Charles Sadler respectfully seeks judgment in his favor against Defendant, Jessica Sadler and prays the Court as follows:

1. That the Court issue a permanent injunction pursuant to 18 U.S.C. § 2520(b) and/or N.C.G.S. § 15A-296 barring Defendant Jessica Sadler from engaging in further intercept, use, or disclosure of oral, wire, or electronic communications between Plaintiff and the minor children, and Plaintiff and

any third party.

2. That Plaintiff recover damages in an amount to be determined at trial pursuant to 18 U.S.C. § 2520(c)(2) and/or N.C.G.S. § 15A-296(a)(1).

3. The Plaintiff recover punitive damages pursuant to 18 U.S.C. § 2520(b)(2) and/or N.C.G.S. §15A-296(a)(2).

4. That Plaintiff recover attorneys' fees and costs pursuant to 18 U.S.C. § 2520(b)(3) and/or N.C.G.S. § 15A-296(a)(3).

5. That all issues so triable be tried before a jury.

Respectfully submitted this the 21st day of May, 2025.

/S/ Corey A. Noland

Corey A. Noland
NC Bar No.: 54940
Arnold & Smith, PLLC
114 West Jefferson Street
Monroe, North Carolina 28112
Telephone: 704.370.2828
Facsimile: 704.370.2202
Corey.noland@arnoldsmithlaw.com